THOMAS CURRENT *v.* CLAUD CANTRILL, ET AL.

**Damages—Instructions—Negligence—Proximate Cause.**
    To make a defendant liable for damages caused by his negligence, the negligence complained of must be the proximate cause of the injury, and an instruction not recognizing this rule is erroneous.

APPEAL FROM BOURBON CIRCUIT COURT.

December 1, 1875.

OPINION BY JUDGE PETERS:

The evidence is somewhat conflicting, and the judgment cannot be reversed by this court unless the law, as expounded by the court below to the jury, was erroneous and prejudicial to appellant, and that is the only question presented by the appeal, as no exceptions seem to have been taken to any of the evidence offered on the trial by appellees.

In the last paragraph of instruction No. 1 given to the jury on the motion of appellees, they were told, in substance, that if they believed from the evidence that the defendant, while threshing plaintiff's wheat, omitted to use upon his engine such known and

usual device and contrivance as were usual and customary on machines of similar character to prevent the escape of sparks from said engine, and their wheat was ignited by a spark that escaped from the engine and thereby destroyed, they ought to find such damages as the plaintiffs sustained by reason of the omission.

By this instruction the liability of the appellant is fixed by his failure to use upon his engine such device and contrivance as were usual and customary on machines of that character, whether the use of such device and contrivance would have prevented the destruction or not. He should have been made liable to appellees for the value of their wheat upon the belief of the jury from the evidence that the wheat would not have been burned and lost if the customary and usual device and contrivance had been applied to their machine to prevent the escape of the sparks. Or to express it differently, if appellant failed to use the spark arrester, or such preventive of the escape of sparks from the smoke stack as was generally used with such machines, and appellees' wheat was burned and destroyed by his failure to use such preventives, in that event he would be liable. To make a party responsible for negligence, the negligence complained of must be the proximate cause of the injury. Sherman & Redfield on Negligence, Sec. 9, p. 7.

To the second instruction given, the same objection exists as to the first. We see no objection to the instructions given by the court in substitution of those asked for by appellant. There are no exceptions to the ruling of the court in admitting or in refusing to admit evidence. But for the error in giving the two instructions as asked by appellees without the qualification herein suggested, the judgment is *reversed,* and the cause is remanded for a new trial and for further proceedings consistent herewith.

*Cunningham & Turney, Breckenridge & Shelby, for appellant.*
*A. Duvall, R. T. Davis, Huston & Mulligan, for appellees.*